The Honorable Grady P. Arrington State Representative P.O. Box 65 Stephens, Arkansas 71764
Dear Representative Arrington:
This is in response to your request for an opinion concerning certain expenses incurred by the City of Prescott, Arkansas in connection with a private audit of the municipal court's city docket. Nevada County has, according to your correspondence, refused to pay the cost of the private audits for 1987 and 1988. You have asked whether this expense is an expense of the Municipal Court of Prescott, Nevada County, Arkansas for which Nevada County is obligated to pay 60%. If so, you have also asked whether the county can now legally pay for 60% of the 1987 and 1988 private audits.
It is my opinion, in response to your first question, that the county is not obligated by law to pay any portion of this expense. A response to your second question is therefore unnecessary.
Please note that I have enclosed two Attorney General Opinions (Opinion Numbers 84-98 and 88-011) which provide a full discussion of the basis for this conclusion. As noted in your request, the annual salaries of the Judge and Clerk of the Prescott Municipal Court must be paid 60% by Nevada County and 40% by the City of Prescott, in accordance with A.C.A. 16-17-108(bbbb) (Supp. 1987). See also Act 873 of 1989, Section 1.(a)(83). You also point out that provision is made under A.C.A. 16-17-115 (Supp. 1987) for the county's payment of its "proportion of the expenses of all such municipal courts."
We have previously concluded, however, with regard to 16-17-115, as amended, that the legislature intended to limit county expenses to one-half of the salaries of the judge and municipal clerk.[1]
The reference in 16-17-115 to "the county's proportion of the expenses" of the court does not, in my opinion, compel the conclusion that other expenses, including those associated with a private audit of the city docket, must be paid in part by the county.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 16-17-115 (Supp. 1987) is prefaced by the clause "[e]xcept as authorized otherwise." The legislature has "authorized otherwise" with respect to the Municipal Court of Prescott under 16-17-108(bbbb) wherein provision is made for payments of 60% and 40% by the county and city, respectively.